*Monday, April 29, 1996*
## MOTION DOCKET

**90–471.** State v. Frazier. *Cuyahoga County,* No. 54771. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning April 4, 1996, and ending October 4, 1996, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**91–1675.** State v. Murphy. *Marion County,* No. 9–87–35. On January 7, 1994, this court granted a stay for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. On October 4, 1995, this court declined jurisdiction and dismissed the appeal in case No. 95–1343, appellant's post-conviction appeal. On November 15, 1995, this court denied appellant's motion for reconsideration.

Appellee has filed a motion to set an execution date on the ground that the time for filing a petition for a writ of certiorari in the Supreme Court of the United States from this court's decision in appellant's post-conviction appeal has expired. Appellant filed no response to the motion. Upon consideration thereof,

IT IS HEREBY ORDERED by this court, effective April 26, 1996, that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Thursday, the 25th day of July, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Marion County.